299 S.E.2d 21

**STATE of West Virginia**

v.

**Donald L. LUCAS.**

**No. 15307.**

Supreme Court of Appeals of West Virginia.

Dec. 15, 1982.

S. Clark Woodroe, Charleston, and Fredrick S. Wilkerson, St. Albans, Asst. Attys. Gen., for appellee.

Ray A. Byrd, Schrader, Stamp, Byrd, Byrum, Johnson & Companion, Wheeling, for appellant.

PER CURIAM:

Donald L. Lucas appeals his conviction by a jury of breaking and entering in the Circuit Court of Ohio County, for which he was sentenced to one to ten years in the penitentiary. He contends, *inter alia,* that the trial court committed reversible error in admitting evidence relating to a fingerprint exemplar taken from the appellant when he was a juvenile. Finding that this case is controlled by our holding in *State v. Van Isler,* 168 W.Va. 185, 283 S.E.2d 836 (1981), we reverse, and remand the case to the circuit court.

On October 16 or 17, 1978, the Lincoln School in Wheeling was broken into. A number of items, including a tape recorder, were taken from school offices. Police dusted for fingerprints, and obtained a number of lifts that were useful for identification purposes. On October 25, acting on a tip from an informant, police questioned Judy McPherson at her residence. She gave them the stolen tape recorder, saying that Charles Dugmore had given it to her boyfriend, Robert McCarthy.

On October 26, 1978 police submitted the names of appellant and Dugmore to the Federal Bureau of Investigation (FBI), along with their FBI numbers, for fingerprint comparison. The comparison positively identified a print found on the door to the principal's office as the appellant's left thumb print. Another print, found on a soft drink machine, was identified as Dugmore's.

The appellant was indicted for breaking and entering. The defense learned that the fingerprints of appellant used for the comparison were taken while he was a juvenile, and filed a motion *in limine* seeking to prohibit the introduction of any testimony about any fingerprints taken from the Lin-

coln School. Grounds for the motion were that *W.Va.Code*, 49–5–17 required the expungement of his juvenile fingerprint records, and that *W.Va.Code*, 49–7–3 prohibited their use as evidence against him in adult criminal proceedings. The court overruled the motion.

An FBI fingerprint expert testified for the State that the fingerprint found on the door to the principal's office belonged to the appellant. The fingerprint lifted from the scene, and the fingerprint card used for the comparison, were introduced into evidence. On cross-examination, officers admitted that the prints used for the comparison were those taken while appellant was a juvenile.

Robert McCarthy testified that the tape recorder was given to him by Dugmore. He also stated that in late October, 1978, he and McPherson, her three children, the appellant and his wife traveled to Corpus Christi, Texas and LaBelle, Florida. McCarthy said that during the trip appellant told him the police were looking for him, and that he and Dugmore had stolen some things from Lincoln School.

The jury found appellant guilty of breaking and entering. He now seeks reversal of his conviction, contending that (1) there was insufficient evidence to sustain a conviction; (2) the State failed to prove his intent to commit the crime charged; (3) the State's closing argument was prejudicial and inflammatory, and denied him a fair trial; and (4) the admission of the fingerprint evidence was prohibited by *W.Va. Code*, 49–5–17, violated *W.Va.Code*, 49–7–3, and was contrary to our holding in *State v. Van Isler*, 168 W.Va. 185, 283 S.E.2d 836 (1981).

We find the appellant's fourth assignment of error to be dispositive. In *State v. Van Isler*, *supra*, this court clearly indicated its disapproval of the use of juvenile fingerprint exemplars as evidence in adult criminal proceedings. In syllabus points 1 and 2 of *Van Isler*, we held:

"*W.Va.Code*, 49–5–17(d) [1978], does not authorize a court to permit juvenile law enforcement records to be used in a criminal case as evidence in chief in the State's case."

"The use of a juvenile fingerprint card, or testimony derived from it, as evidence in a criminal trial of the person fingerprinted after that person has become an adult is reversible error because such use of juvenile records is not permitted by *W.Va.Code*, 49–5–17 [1978]."

When the appellant was originally fingerprinted by Wheeling police, one set of prints was sent to the latent fingerprint section of the FBI in Washington, D.C. These prints were the ones used for the comparisons. Consequently, the State urges us to hold that the expungement requirement of *W.Va.Code*, 49–5–17 [1] does not apply to any federal body, and that juvenile fingerprint cards in federal records may be used for identification purposes. This we refuse to do. The Legislature has clearly indicated its intent that juvenile records not be used for any purpose other than those specifically provided for by statute.[2] If the Legislature had intended to do what the State urges us to do, it would have done so. As we said in *Van Isler*, *supra*: "We will not expand upon the legislatively created exceptions to the legislatively imposed general rule of confidentiality of juvenile records." *Id.*, 168 W.Va. at 188, 283 S.E.2d at 838; *See also Jeffery v. McHugh*, 166 W.Va. 379, 273 S.E.2d 837 (1981).

It is undisputed that the fingerprints used for the comparisons were taken from the appellant when he was a juvenile, in connection with juvenile proceedings. The admission into evidence of the juvenile fingerprint card and the results of comparisons between that card and prints lifted

---

1. *W.Va.Code*, 49–5–17(a) [1978] provides:

"One year after the child's eighteenth birthday, or one year after personal or juvenile jurisdiction shall have terminated, whichever is later, the records of a juvenile proceeding conducted under this chapter, including law-enforcement files and records, fingerprints, physical evidence and all other records pertaining to said proceeding shall be expunged by operation of law. When records are expunged, they shall be returned to the court in which the case was pending and kept in a separate confidential file and not opened except upon order of the court."

2. *See W.Va.Code*, 49–5–17(d) [1978], which lists the limited instances in which a court may order disclosure of these confidential records.

from the scene of the break-in was error requiring reversal of the appellant's conviction. It is, therefore, not necessary to consider the appellant's argument based on *W.Va.Code*, 49–7–3, which deals with evidence given in a juvenile proceeding.

In his prayer for relief, the appellant asks us to bar his retrial due to evidentiary insufficiency. In syllabus point 5 of *State v. Frazier*, 162 W.Va. 602, 252 S.E.2d 39 (1979), we held:

> "In order to determine if there is evidentiary insufficiency that will bar a retrial under double jeopardy principles, such determination is made upon the entire record submitted to the jury and not upon the residual evidence remaining after the appellate court reviews the record for evidentiary error."

■ Reviewing the entire record, we are not convinced that the evidence was manifestly inadequate, or insufficient to convince impartial minds of the guilt of the defendant beyond a reasonable doubt. *See State v. Starkey*, 161 W.Va. 517, 244 S.E.2d 219 (1978). We note that the fingerprint evidence was not the only evidence linking the appellant to the crime. He contends that the testimony of McCarthy that appellant confessed to the crime should not be believed, in that there was evidence of some agreement with the State in return for his testimony. This information was before the jury, and it was entitled to make the ultimate determination of his credibility. We cannot say that the State would be unable to prove its case without the fingerprint evidence. Therefore, we will not foreclose the possibility of a retrial.

Since admission of the fingerprint evidence alone requires reversal, we need not address the appellant's remaining assignments of error.

For the reasons set forth above, the judgment of the Circuit Court of Ohio County is reversed, and the case is remanded for further proceedings consistent with this opinion.

Reversed and remanded.